The document below is hereby signed.

Signed: September 02, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
              UNITED STATES BANKRUPTCY COURT
                FOR THE DISTRICT OF COLUMBIA
```

In re                              )
                                   )
CECILIA A. JEROME,                 )   Case No. 09-00183
                                   )   (Chapter 13)
            Debtor.                )   Not for Publication in
                                   )   West's Bankruptcy Reporter

### MEMORANDUM DECISION RE TRUSTEE'S PENDING MOTION TO DISMISS

This is a case in which the trustee has sought dismissal with prejudice for 180 days based on denial of confirmation of the debtor's original plan and failure of the debtor to appear in prosecution of her case.

On July 17, 2009, the court held a hearing on the motion to dismiss and orally ruled that unless the debtor filed an amended plan by August 7, 2009, the trustee's motion to dismiss would be granted.  On July 27, 2009, the court entered an order, consistent with its oral ruling, directing that unless the debtor filed an amended plan by August 7, 2009, the trustee's pending motion to dismiss would be granted.  The debtor failed to file an amended plan by August 7, 2009, and it is thus appropriate to grant the trustee's motion to dismiss.

In any event, the debtor has not filed an amended plan that has a better chance of being confirmed than the original plan. The original plan, which called for payments of $525 per month to the Chapter 13 trustee, was unconfirmable because it did not call for sufficient payments by the debtor to the Chapter 13 trustee to pay the claims provided for by the plan.  Like the original plan, the amended plan belatedly filed by the debtor on August 13, 2009, proposes payments of $525 per month, but it is even more unworkable because the amended plan provides that one of the claims that under the original plan was, in part, to be paid directly by the debtor is now to be paid in its entirety via payments to the Chapter 13 trustee.  Instead of filing an amended plan which can be confirmed, the debtor has filed an amended plan that is even more problematic than the original plan.  Instead of making things better, the debtor has made things worse.

A motion for relief from the automatic stay was filed in this case, and the debtor would not be able to voluntarily dismiss this case without the dismissal being one with prejudice pursuant to 11 U.S.C. § 109(g)(2).  A dismissal pursuant to the trustee's motion should be with prejudice as well: a debtor ought not be allowed to obtain pursuant to a trustee's motion to dismiss that which the debtor would be unable to obtain if he himself moved for dismissal.

An order follows granting the trustee's motion to dismiss

2

with prejudice for 180 days.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney (if any); Chapter 13 Trustee.